# IN THE COURT OF APPEALS OF IOWA

No. 21-1053
Filed July 20, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRENT ALAN OLMSTEAD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Andrea J. Dryer,
Judge.

        Brent Olmstead appeals the district court's decision to sentence him to a
term of imprisonment not exceeding five years following his conviction for second-
degree theft. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney
General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Brent Olmstead guilty of second-degree theft. The district court entered judgment of conviction and sentenced him to a prison term not exceeding five years. On appeal, Olmstead contends the district court should not have sentenced him to prison. In his view, the court inappropriately considered his employment and housing circumstances in rejecting the recommendations of the presentence investigation preparer and the prosecutor.

"The sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, ____, 2022 WL 2080218, at *7 (Iowa 2022) (citing Iowa Code § 901.5 (2020)). A sentence "will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022).

The district court provided comprehensive reasons for declining to suspend the sentence and place Olmstead on supervised probation, as the presentence investigation report preparer recommended, or have him placed on supervised probation and complete one year at a residential facility, as the prosecutor recommended. The court summarized Olmstead's "criminal history," noting Olmstead served "jail terms," "probation supervision for one of [the convictions,]" and a "[residential facility] placement for one of them." The court commented that Olmstead's "behavior when he was to be meeting with the [d]epartment of [c]orrectional [s]ervices and getting the presentence investigation report completed" did "not reflect favorably on [his] ability to comply with the terms and conditions of probation." The court further suggested Olmstead's "employment

status," namely the loss of his most recent job after a short period, as well as his "lack of a stable residence" did not "reflect favorably on [his] ability to comply with the terms and conditions of probation." In light of these circumstances, the court expressed "significant reservations about placing . . . Olmstead on probation supervision at all, whatever the conditions." The court recognized the manner in which it was "assessing the circumstances" differed "from the way the presentence investigator assesse[d] them" and it was "not the recommendation of the State" and "certainly not what [Olmstead] would [have] like[d] to have happen." But the court reiterated that Olmstead was not "an appropriate candidate for probation supervision in the community at all, whether there [was] residential facility placement or not."

The court's description of Olmstead's precarious employment and housing situations finds support in the presentence investigation report. The preparer advised the court Olmstead would "need[] to maintain verifiable employment and not change employment without prior approval from his probation officer." The preparer also noted that Olmstead was sent "[a] reminder to provide his exact address" and had "not responded as of the writing of this report."

We discern no abuse of discretion in the court's reasoning, nor do we discern a consideration of inappropriate factors. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (noting "the court must . . . consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors"). Olmstead's sentence is affirmed.

**AFFIRMED.**